UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARL EDWIN GEER, II,                                        Case No. 6:19-cv-01768-MC

        Petitioner,                                                    OPINION AND ORDER

    v.

GARRETT LANEY,

        Respondent.

_____

MCSHANE, District Judge.

    Petitioner brings this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for rape and sexual abuse. Petitioner contends that his counsel rendered constitutionally ineffective assistance at trial by deliberately eliciting testimony about Petitioner's invocation of his Fifth Amendments rights. The state court rejected Petitioner's claim in a decision that is entitled to deference, and the Petition is DENIED.

BACKGROUND

    In August of 2014, Petitioner was charged by indictment with Rape in the First Degree, Unlawful Sexual Penetration in the First Degree, multiple counts of Sexual Abuse in the First,

Second, and Third Degrees, and Coercion. Resp't Ex. 102. The charged offenses arose from the rape and abuse of Petitioner's cousin, a young woman, over several days during the same month.

Petitioner waived his right to jury and proceeded to trial before the court. During opening statements, defense counsel emphasized that Petitioner "at no time admitted anything consensual or forceful or anything to the detectives when he talked to them" and instead stated that he was "going to have to talk to an attorney." Resp't Ex. 105 at 25-26. Petitioner's counsel raised the same issue when cross-examining a police detective about a custodial interview of Petitioner. Resp't Ex. 106 at 56-57. In particular, counsel elicited testimony that the detective provided Petitioner with *Miranda* warnings and terminated the interview when Petitioner asked for an attorney:

> Q:     Okay. Were you the one who advised Mr. Geer in the Gladstone interview room about what they call typically the Miranda warnings; that he has a right not to talk, and he can have an attorney if he wants one?
>
> A:     I read the warning to him, yes, sir.
>
> Q:     At some point he said, "Gee, I guess I better talk to an attorney"?
>
> A:     Correct.
>
> Q:     And you ended your questioning of him after that?
>
> A:     I believe so. It was after that that I think I read the search warrant to him.

Resp't Ex. 106 at 56-57. Neither party commented further on Petitioner's invocation of his Fifth Amendment rights.

At the conclusion of trial, the trial court found Petitioner guilty on all counts alleging Rape, Unlawful Sexual Penetration, and Sexual Abuse and found Petitioner not guilty of Coercion. The court sentenced Petitioner to concurrent terms of imprisonment totaling 100 months. Resp't Ex. 101; Resp't Ex. 106 at 135-36; Resp't Ex. 107 at 13-15.

Petitioner eventually sought post-conviction relief (PCR) and raised six claims alleging the ineffective assistance of trial counsel. Resp't Ex. 110. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 124, 128-29.

On November 4, 2019, Petitioner sought federal habeas relief in this action.

<u>DISCUSSION</u>

Petitioner raises six Grounds for Relief in his Amended Petition. Pet. at 8-11 (ECF No. 49). However, in his supporting brief, Petitioner presents argument in support of only Ground Five. *See* Pet'r Brief (ECF No. 47). Upon review of the record, I find that Petitioner fails to sustain his burden to prove entitlement to habeas relief on Grounds One, Two, Three, Four, and Six. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (stating that a habeas petitioner bears the burden of proving the alleged claims); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground Five, Petitioner alleges that trial counsel rendered ineffective assistance by deliberately eliciting testimony about Petitioner's invocation of the right to counsel in response to questioning by the police. The PCR court rejected this claim and Respondent argues that its decision is entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that 1) "counsel's performance was deficient" and 2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, a petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless the petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Here, the PCR court agreed that counsel's performance was deficient, because "evidence of defendant [invoking] his right to remain silent is not allowed at trial because of the possibility that a jury will draw an improper inference that the defendant must have something to hide." Resp't Ex. 124 at 8; *see Griffin v. California*, 380 U.S. 609, 615 (1965) (stating that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions

by the court that such silence is evidence of guilt"); *see also Doyle v. Ohio*, 426 U.S. 610, 618

(1976) (explaining that invoking the right to remain silent should "carry no penalty" and using a

defendant's silence as evidence of guilt is "fundamentally unfair and a deprivation of due

process"). However, the PCR court found that Petitioner "failed to prove prejudice" because trial

was to the court rather than a jury, and a "judge would understand a defendant's right to remain

silent and that an improper inference should not be drawn from his request for an attorney."

Resp't Ex. 124 at 8. The PCR court further found no evidence suggesting "that the trial judge

drew any improper inferences from the evidence and thus there is no evidence that the testimony

had any tendency to affect the outcome of the trial." *Id.*

Petitioner argues that the PCR court's finding of no prejudice is an unreasonable

application of *Strickland*. Petitioner emphasizes that "counsel did not ask the trial judge to limit

in any way [the court's] consideration of the invocation" or argue that Petitioner's "invocation

may have favored a determination that [he] was not guilty." Pet'r Reply at 2. According to

Petitioner, "because there is no prohibition on the defense offering such evidence, absent a

request for a limiting instruction, the judge in a bench trial – like a jury in a jury trial – is left to

make whatever use of the invocation he chooses." *Id.* at 3. In these circumstances, Petitioner

maintains that prejudice is "self-evident." *Id.* at 2. I disagree.

Consistent with the PCR court's findings, the Supreme Court has explained that when

judges act as factfinders in bench trials, they are presumed to "ignore" inadmissible evidence and

to "follow their own instructions" regarding improper adverse inferences. *Harris v. Rivera*, 454

U.S. 339, 346-47 (1981) (relying on the "well established presumption that the judge adhered to

basic rules of procedure"); *see also Williams v. Illinois*, 567 U.S. 50, 69 (2012) ("When the judge

sits as the trier of fact, it is presumed that the judge will understand the limited reason for the

disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose."). Further, the PCR court made the specific factual finding that "no evidence" suggested the trial court drew an improper inference from the detective's testimony. Resp't Ex. 124 at 8. A PCR court's factual findings are "presumed to be correct" absent "clear and convincing evidence" to the contrary, 28 U.S.C. § 2254(e)(1), and Petitioner presents no evidence that disputes the PCR court's factual finding and shows that the detective's testimony affected the trial court's verdict.

Alternatively, Petitioner argues that counsel's deficient performance constitutes structural error and the PCR court should have presumed *Strickland* prejudice. However, Petitioner cites no Supreme Court decision holding that structural error occurs and a presumption of prejudice applies when defense counsel elicits evidence that the defendant invoked the right to counsel when questioned by the police. In fact, the Supreme Court has found no structural error when a prosecutor elicits such evidence, when a court improperly instructs a jury that adverse inferences may be drawn from a defendant's silence, or when a prosecutor improperly comments on a defendant's failure to testify. *See Chapman v. California*, 386 U.S. 18, 22-25 (1967) (holding that harmless error analysis applies to improper prosecutorial comments and jury instructions regarding a defendant's decision not to testify); *Brecht v. Abrahamson*, 507 U.S. 619, 631-37 (1993) (clarifying the harmless error standard applicable to federal habeas claims alleging improper prosecutorial comments on a defendant's silence).[1] If the Supreme Court found no structural error resulting from improper prosecutorial comments or jury instructions, the PCR

---

[1] The Supreme Court has held that comments about a defendant's Fifth Amendment invocation "cannot be labeled harmless" where "such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal." *Anderson v. Nelson*, 390 U.S. 523, 523-24 (1968) (per curiam). Here, the testimony was not extensive and Petitioner's invocation was not "stressed" as a basis of guilt.

court reasonably found no structural error or presumed prejudice arising from defense counsel's elicitation of such evidence during a bench trial.

In sum, Petitioner fails to show that the PCR court unreasonably applied *Strickland* when finding that counsel's performance did not cause prejudice or affect the outcome of trial. Accordingly, Petitioner is not entitled to federal habeas relief.

<u>CONCLUSION</u>

The Amended Petition for Writ of Habeas Corpus (ECF No. 49) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 23rd day of February, 2023.

s/  Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge